STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO. CV-23-125


ERIK JOB, *et al*

v.                                                  ORDER

THOMAS SOUNIER

Before the court is Plaintiff's *ex parte* Temporary Restraining Order. The Plaintiffs Job and Parisi and the Defendant were members of the Plaintiff Central Maine Builders, a trucking and firm. The Verified Complaint alleges that Defendant was taking money from the business and otherwise compromising the business. After being confronted, he drained the bank account and made assets unavailable.

The Court may grant a temporary restraining order if it concludes the following: (1) the plaintiff will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief will inflict on the Defendant; (3) the plaintiff has a likelihood of success on the merits: and (4) the public interest will not be adversely affected by granting the injunction. *Bangor Historic Track, Inc. v. Dep't of Agriculture*, 2003 ME 140, ¶ 9, 837 A.2d 129.

"Failure to demonstrate that any one of these criteria are met requires that injunctive relief be denied. . . [p]roof of irreparable injury is a prerequisite to the granting of injunctive relief." *Id.* (citation omitted). Irreparable injury is an injury for which money damages are not available. . A business's loss of its interests in good will, customer contacts, and referral sources is considered an irreparable injury. *Everett J. Prescott, Inc. v. Ross*, 383 F. Supp. 2d 180, 192 (D. Me. 2005). *Emerson*, 563 A.2d at 768. The purpose of a preliminary injunction is to preserve the status quo pending final judgment. *Id.* at 771.

REC'D CUMB CLERKS OFC
APR 21 '23 PM 1:10

1

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

M.R.Civ.P. 65(a).

The court finds that based on the ex parte record, there is a risk of irreparable injury, the harm to the Defendant of granting the motion is outweighed by the harm that the restrained conduct could cause the Plaintiffs, and that the Plaintiffs are likely to succeed on at least some of their claims. Specifically, the conduct restrained here is limited to maintaining the status quo with respect to this limited liability corporation.

The court is also satisfied that irreparable injury may occur if the court waits for the matter to be fully briefed. Rule 65(a) does provide the Defendant with an opportunity to file a motion to dissolve and request an expedited hearing from the court.

Therefore, the Motion for a Temporary Restraining Order is GRANTED. The Defendant is restrained and enjoined from:

1. Transferring, removing, concealing, selling or encumbering and property, funds and or other assets of CMB, LLC.

2. Interfering in any manner with the business interests of CMB, LLC, including but not limited to communications with any customers, vendors, employees or government regulators regarding CMB, LLC's business.

3. Diverting any business from CMB, LLC

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: 4/21/23

Thomas R. McKeon
Justice, Maine Superior Court